Brady, J.
Upon a consideration of this appeal when first presented the conclusion arrived at was, that the order appealed from should be modified by requiring the receiver, Davidson, to file a disclaimer to any claim that might accrue to him by reason of the collection of the judgment purchased by the Rands, so that it would be free and clear from any claim or demand on his part. The subject of these fees was an element in the negotiation indicated by the letters to be found in the record, notably the letter of June 27,1884, on page 16 of the printed case, in which Mr. Crosby wrote to Mr. Blair, as follows:
“ Has Davidson, receiver, now any claim for fees as such, or has he any claim to be allowed out of any property he might collect belonging to More for fees paid to attorneys employed by him.”
“You understand I do not wish the purchaser and assignee of this judgment to be hereafter liable in any way to Davidson or his attorneys, or to have the fund obtained by Davidson as receiver in any way reduced, excepting by his own fees after this date.”
And the omission to make such provision was urged as a reason why the order appealed from should not be sustained. There was in the respondent’s points no direct allusion to this feature of the case, but the explanation appears in the points submitted upon the reargument, and which is that the demand for a release by Davidson from any fees was made subsequent to the completion of the agreement to purchase the judgment—an explanation borne out by the facts and circumstances disclosed in the papers. It was thought that the letter of June 27, related to the negotiations, which were incomplete, arising in part from the letter of Mr. Blair, dated June 28, 1884, in response to the letter of Mr. Crosby relating to Mr. Davidson’s fees or claim for fees, and in which Mr. Blair said: “In reply to yours of yesterday, I will endeavor to see Davidson; receiver, and obtain from him the desired consent for the substitution of attorneys, and will then further answer your inquiries.” This seemed to leave that subject open to further negotiations between the parties and. the impression derived from it misled the court.
For these reasons, without going into any elaborate detail, the modification suggested is withdrawn and the order expressing it vacated.
This court is not required under the circumstances disclosed, and indeed cannot exact the abandonment by Davidson of his fees or the assumption of them by the respondents, unless it appears conclusively that such was the understanding of the parties at the time the bargain was closed.
It does not so appear, as we have seen, and the result cannot be as declared.
Order appealed from affirmed, with ten dollars costs and disbursements.
Daniels, J., concurs.